1    **WO**                                                                                    JDN

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Curtis Wayne Pierce,                    )    No. CV 05-3487-PHX-MHM (CRP)
                                             )
10                Plaintiff,                 )    **ORDER**
                                             )
11   vs.                                     )
                                             )
12                                           )
     Joseph Arpaio,                          )
13                                           )
                  Defendant.                 )
14                                           )
     ─────────────────────────────────      )

15

16          This is one of more than one thousand civil rights actions filed since September 2004

17   by Maricopa County Jail inmates.[1]  Plaintiff is an inmate at the Durango Jail in Phoenix,

18   Arizona.  The Court will require an answer to the Complaint.

19   **A.    Application to Proceed *In Forma Pauperis* & Filing Fee**

20          Plaintiff's request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).

21   Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of

22   **$250.00** for this action.  An initial partial filing fee of $7.33 will be assessed by this Order.

23   28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to

24   ─────────────────────

25          [1]Many inmates apparently believe that they will receive an immediate payout from a
26   fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund
     exists.  The inmates in Hart asked for injunctive relief and not monetary damages.  The Court
27   at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of
     damages.

**TERMPSREF**  28

collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court.

Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account.  The Court will direct the appropriate agency to collect these monthly payments, which will be forwarded to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).  Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release.  If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.   28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

**C.    Complaint**

In his Complaint Plaintiff alleges that he receives insufficient and often spoiled food, the jail is severely overcrowded, and the living conditions are unsanitary.  He claims that he has suffered from extreme hunger, headaches, nausea, indigestion, sickness, loss of weight, loss of sleep, tension, body pain, loss of muscle tone, dry itchy skin, sore throat, runny nose, cough, staph infections, and skin irritation.  Plaintiff also states that he has been attacked by other inmates and lives in fear for his life.  Plaintiff further alleges that Defendant Joseph Arpaio, the Maricopa County Sheriff, is liable because he sets the policies and procedures at the jail.  These allegations adequately state a claim, and the Court will require an answer to the Complaint.

1    In his Complaint, Plaintiff refers to <u>Hart v. Hill</u>, No. CIV 77-0479-PHX-EHC (MS)

2    (D. Ariz.), claiming that the conditions of his confinement violate an Amended Judgment in

3    that action.  Jurisdiction to enforce the judgment is retained by the court which entered it.

4    <u>Jeff D. v. Kempthorne</u>, 365 F.3d 844, 853 (9th Cir. 2004).  A civil rights action is not the

5    proper means by which to enforce the decree.  <u>Cagle v. Sutherland</u>, 334 F.3d 980, 986 (11th

6    Cir. 2003); <u>Klein v. Zavaras</u>, 80 F.3d 432, 435 (10th Cir. 1996); <u>DeGidio v. Pung</u>, 920 F.2d

7    525, 534 (8th Cir. 1990); <u>Green v. McKaskle</u>, 788 F.2d 1116, 1122-23 (5th Cir. 1986).

8    Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim for

9    damages because such orders do not create "rights, privileges, or immunities secured by the

10   Constitution and laws."  <u>Green</u>, 788 F.3d at 1123-24.  Remedial decrees are the means by

11   which unconstitutional conditions are corrected but they do not create or enlarge

12   constitutional rights.  <u>Id.</u> at 1123.  To the extent Plaintiff seeks to enforce <u>Hart v. Hill</u>, his

13   claim is not properly brought in this action.  Instead, his allegations must separately state a

14   violation of a constitutional right.  At this juncture, as described *supra*, Plaintiff's allegations

15   do state a claim for a constitutional violation.

16   **D.    <u>Rule 41 Cautionary Notice</u>**

17   Plaintiff should take notice that if he fails to timely comply with every provision of

18   this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule

19   41(b) of the Federal Rules of Civil Procedure.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-

20   61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of

21   the Court).

22

23   **IT IS THEREFORE ORDERED that:**

24   (1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28

25   U.S.C. § 1915(a)(1).

26   (2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  An

27   initial partial filing fee in the amount of $7.33 is assessed.  All fees shall be collected and

28

1  paid in accordance with this Court's Order to the appropriate government agency filed

2  concurrently herewith.

3      (3) The Clerk of Court shall send Plaintiff a service packet including the Complaint,

4  this Order, and both summons and request for waiver forms for Defendant Arpaio.

5      (4) Plaintiff shall complete and return the service packet to the Clerk of Court within

6  20 days of the date of filing of this Order.  The United States Marshal will not provide

7  service of process if Plaintiff fails to comply with this Order.

8      (5) If Plaintiff does not either obtain a waiver of service of the summons or complete

9  service of the Summons and Complaint on each Defendant within 120 days of the filing of

10  the complaint or within 60 days of the filing of this Order, whichever is later, the action may

11  be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of

12  Civil Procedure and Rule 16.2(b)(2)(B)(i) of the Local Rules of Civil Procedure.

13      (6) The United States Marshal shall retain the Summons, a copy of the Complaint,

14  and a copy of this Order for future use.

15      (7) The United States Marshal shall notify Defendant of the commencement of this

16  action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

17  Rules of Civil Procedure.  The notice to Defendant shall include a copy of this Order.  The

18  Marshal shall file waivers of service of the summons or requests for waivers that were

19  returned as undeliverable as soon as they are received.  If a waiver of service of summons

20  is not returned by a Defendant within thirty days from the date the request for waiver was

21  sent by the Marshal, the Marshal shall:

22          (a) Personally serve copies of the Summons, Complaint, and this Order upon the

23      Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

24          (b) Within 10 days after personal service is effected, file the return of service for

25      the Defendant, along with evidence of the attempt to secure a waiver of service of the

26      summons and of the costs subsequently incurred in effecting service upon the

27      Defendant.  The costs of service shall be enumerated on the return of service form

28      (USM-285) and shall include the costs incurred by the Marshal for photocopying

1    additional copies of the Summons, Complaint, or this Order and for preparing new

2    process receipt and return forms (USM-285), if required.  Costs of service will be

3    taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the

4    Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

5    (8) **A Defendant who agrees to waive service of the Summons and Complaint**

6    **shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

7    (9)  Defendant shall answer the Complaint or otherwise respond by appropriate

8    motion within the time provided by the applicable provisions of Rule 12(a) of the Federal

9    Rules of Civil Procedure.

10    (10) Any answer or responsive pleading shall state the specific Defendant(s) by name

11    on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other

12    motion or paper that does not identify the specific Defendant(s) by name on whose behalf

13    it is filed.

14    (11)  Plaintiff shall serve upon Defendant, or if appearance has been entered by

15    counsel, upon counsel, a copy of every further pleading or other document submitted for

16    consideration by the Court.  Plaintiff shall include with the original document and copy, to

17    be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of

18    the pleading or document was mailed to Defendant or counsel.  Any paper received by a

19    District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court

20    may be disregarded by the Court.

21    (12) At all times during the pendency of this action, Plaintiff shall immediately advise

22    the Court and the United States Marshal of any change of address and its effective date.

23    Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall

24    contain only information pertaining to the change of address and its effective date.  Plaintiff

25    shall serve a copy of the notice on all opposing parties. The notice shall not include any

26    motions for any other relief. Failure to file a Notice of Change of Address may result in the

27    dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules

28    of Civil Procedure.

1    (13) A clear, legible copy of every pleading or other document filed shall accompany
2  each original pleading or other document filed with the Clerk for use by the District Judge
3  or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement
4  may result in the pleading or document being stricken without further notice to Plaintiff.

5    (14) This matter is referred to Magistrate Judge Charles R. Pyle pursuant to Rule 72.1
6  and 72.2 of the Local Rules of Civil Procedure for further proceedings.

7    DATED this 28th day of April, 2006.

8

9

10  _____
11                    Mary H. Murguia
                United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28