1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Curtis Wayne Pierce,<br>　　　　Plaintiff,<br>vs.<br>Joseph Arpaio,<br>　　　　Defendant. | No. CV 05-3487-PHX-MHM(CRP)<br>**ORDER** |

On October 31, 2005, Plaintiff, who was at that time incarcerated at the Durango Jail in Phoenix, Arizona, filed the instant *pro se* action pursuant to 42 U.S.C. § 1983. (Docket 1). On May 5, 2006 the Court issued an order granting Plaintiff's Motion to proceed *In Forma Pauperis*. (Docket 3).

**RETURNED MAIL**

On May 5, 2006, the Court entered an order directing the Clerk of the Court to mail a service packet to Plaintiff, due for return to the Court on May 25, 2006. (Docket 3). The docket indicates that the Clerk of the Court mailed service packets on May 5, 2006. On May 12, 2006, the mail was returned to the Clerk of the Court with notations "Release, Unable to Forward." (Docket 5). Since then, Plaintiff has failed to file a Notice of Change of Address, or in any way notify the Court of his whereabouts.

1. Local Rule Civil 3.4(a), Rules of Practice of the U.S. District Court for the District of Arizona, requires that an incarcerated litigant comply with the instructions attached to the Court-approved Complaint form. Those instructions state: "You must immediately notify the clerk...in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in dismissal of your case." (Information and Instructions for a Prisoner Filing Civil Rights Complaint at 2).

Also, in its Notice of Assignment the Court warned Plaintiff that "[f]ailure to comply with the following rules will result in your document being STRUCK and/or your case being DISMISSED." (Notice at 1). One of the rules listed was that "[y]ou must file a Notice of Change of Address if your address changes." (Docket 2).

**FAILURE TO PROSECUTE**

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir.1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir.1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." The U.S. Supreme Court has recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962). Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

1   In determining whether Plaintiff's failure to prosecute warrants dismissal of his case, 2 the Court must weigh the following five factors: "(1) the public's interest in expeditious 3 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to 4 the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the 5 availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 *quoting Henderson v. Duncan*, 6 779 F.2d 1421, 1423 (9th Cir.1986).  "The first two of these factors favor the imposition of 7 sanctions in most cases, while the fourth cuts against a default or dismissal sanction.  Thus 8 the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 9 F.2d 652, 656 (9th Cir.1990).

10   Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure 11 to keep the Court informed of his address or to actively participate in this case prevents the 12 case from proceeding in the foreseeable future.  The fourth factor, as always, weighs against 13 dismissal.  The fifth factor requires the Court to consider whether a less drastic alternative 14 is available.  Without Plaintiff's current address, however, certain alternatives are bound to 15 be futile.  In the instant case, as in *Carey*, "[a]n order to show cause why dismissal...[is] not 16 warranted or an order imposing sanctions would only find itself taking a round trip tour 17 through the United States mail." 856 F.2d at 1441.

18   Only one less drastic sanction is realistically available.  Rule 41(b) provides that a 19 dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the 20 court in its order for dismissal otherwise specifies."  In the instant case, a dismissal with 21 prejudice would be unnecessarily harsh as the Complaint and this action can be dismissed 22 without prejudice pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure.

23

24 **CONCLUSION**

25   For the foregoing reasons,

26   **IT IS ORDERED dismissing** this action without prejudice pursuant to Rule 41(b) 27 of the Federal Rules of Procedure for failure to prosecute.

28

- 3 -

1  DATED this 24th day of July, 2006.

_____
Mary H. Murguia
United States District Judge